UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
GLOBAL EPOINT, INC.,                )
                                    )
          Plaintiff,                )
                                    )
     v.                             )     C.A. No. 11-197 S
                                    )
GTECH CORPORATION,                  )
                                    )
          Defendant.                )
_____)

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Plaintiff Global ePoint, Inc. ("Global") requests permission to conduct a second deposition of witness Dennis Blazer, who will not be available to testify at trial.[1] (ECF No. 43.) For the reasons set forth below, Global's motion is DENIED.

I. Facts and Procedural Posture

The facts of this complex commercial dispute are addressed in painstaking detail in the Court's Memorandum and Order concerning the parties' cross motions for summary judgment. Global ePoint, Inc. v. GTECH Corp., C.A. No. 11-197 S, 2014 WL 5771801 (D.R.I. Nov. 5, 2014). For present purposes, a brief

---

[1] Global has requested permission to conduct a "trial deposition" of Blazer. No matter the title attached to it, this remains a request to conduct a second deposition of the same witness.

sketch of the pertinent procedural history of this motion will suffice.

On March 25, 2013 the parties took the videotaped deposition of Dennis Blazer – the former chief financial officer of Interlott Technologies, Inc. ("Interlott"). Interlott is the predecessor to Defendant GTECH Corporation ("GTECH"). Blazer lives in Ohio and is not currently employed by GTECH. At the time Global deposed Blazer, GTECH had produced nearly 8,000 pages of discovery. Subsequent to that deposition, GTECH produced an additional 7,500 pages before discovery closed in December 2013. Some of the documents produced after Blazer's deposition relate directly to Blazer.

Now, Global requests permission to depose Blazer again. Global argues that this deposition should be permitted because it would substitute for trial testimony and as such would not be a second discovery deposition.[2] GTECH objects, arguing that Blazer's first deposition, subject to specific objections, should be used at trial. According to GTECH, a second deposition of Blazer would be duplicative.[3]

---

[2] Depositions taken specifically for trial are sometimes referred to as *de bene esse* depositions.

[3] The Court has considerable discretion when deciding motions such as the instant application. Morrison v. Stephenson, No. 2:06-cv-0283, 2008 WL 145017, at *2 (S.D. Ohio Jan. 10, 2008).

II. Discussion[4]

A deposition may be admitted in place of live testimony where a witness is unavailable. Fed. R. Civ. P. 32(a)(4). Here, Blazer lives in Ohio and may not be compelled to testify in a trial in this Court. Fed. R. Civ. P. 45(c)(3)(A)(ii). Thus, Blazer is unavailable, and his deposition would be admissible at trial subject to any exerted objections. Daigle v. Maine Med. Ctr., Inc., 14 F.3d 684, 691-92 (1st Cir. 1994) ("Distance is the decisive criterion: so long as a witness is shown to be more than one hundred miles from the place of trial, the admissibility of deposition testimony . . . is not contingent upon a showing that the witness is otherwise unavailable."). Global, however, does not wish to use a deposition of Blazer taken in March 2013 at trial, but seeks to take a second deposition for that purpose.

Federal Rule of Civil Procedure 30 requires that a party obtain leave of the court to depose a witness a second time in the same case. Fed. R. Civ. P. 30(a)(2)(A)(ii). Generally, courts tend to disfavor repeat depositions. Dixon v.

---

[4] The parties dispute whether Global's request to take a deposition of Blazer for trial came prior to the discovery deadline. Because the Court determines that the deposition is a second deposition of the same witness, for which there is no cause, it need not address this issue. The Court notes, however, that Global began its efforts to take a second deposition of Blazer before the close of discovery and was delayed by GTECH in accomplishing this task.

CertainTeed Corp., 164 F.R.D. 685, 690 (D. Kan. 1996). Whether a court should grant such a request depends on Federal Rule of Civil Procedure 26(b)(2). This rule provides, among other things, that discovery may be prohibited when it is duplicative. Fed. R. Civ. P. 26(b)(2)(C)(i).

Some district courts have questioned which provisions of Rule 30 apply to trial depositions as opposed to discovery depositions. See, e.g., Marmelshtein v. City of Southfield, Civil Action No. 07-CV-15063, 2010 WL 4226667, at *2 (E.D. Mich. Oct. 21, 2010) ("[W]hich[,] if any[,] of the requirements of Fed.R.Civ.P. 30(a)(2) apply to *de bene esse* depositions is not always clear.") These courts, however, appear to be in accord that leave of the court or agreement from opposing counsel must be obtained before attempting to depose a witness a second time for whatever purpose. Id. at *2-3.

This conclusion tracks the requirements of Rule 26, since a second deposition of the same witness risks duplicating efforts. "The Federal Rules of Civil Procedure make no distinction for use of a deposition at trial between one taken for discovery purposes and one taken for use at trial (*de bene esse*)." Morales v. New York Dep't of Labor, No. 06-CV-899(MAD), 2012 WL 2571292, at *2 (N.D.N.Y. July 3, 2012) (quoting George v. Ford Motor Co., 2007 WL 2398806, at *11–13 (S.D.N.Y. 2007)). Thus, Blazer's first deposition may be used in the same way that a

second *de bene esse* deposition would be used.[5] Blazer's fact deposition serves the function of uncovering information and preserving testimony. Therefore, a second deposition would be duplicative.

Here, Global attempts to avoid this conclusion by arguing that it should be permitted to depose Blazer *de bene esse* because GTECH produced some 7,500 documents after the first deposition. This alone, according to Global's broad reading of the law, provides good cause to permit a second deposition of Blazer. The very case cited by Global for this position, however, is contrary. See Morrison v. Stephenson, No. 2:06-cv-0283, 2008 WL 145017, at *2 (S.D. Ohio Jan. 10, 2008). The district court in Morrison reasoned that "[t]ypically, if, after a witness is deposed, new information comes to light relating to the subject of that deposition, new parties are added to the case, new allegations are made in pleadings, or new documents are produced, the witness may be re-deposed with respect to these new developments." Id. The Morrison court, however, makes clear that "the Court may deny leave to conduct a second deposition of the witness even if relevant documents are produced subsequent to the deposition if the party taking the

---

[5] To be sure, there are circumstances under which a distinction between fact depositions and trial depositions makes logical sense. See Bouygues Telecom, S.A. v. Tekelec, Inc., 238 F.R.D. 413, 414 (E.D.N.C. 2006) (holding limit of 20 depositions does not apply to *de bene esse* depositions).

5

deposition . . . chose to conduct the deposition prior to the completion of document discovery." Id.[6] Here, Global made that very decision, deposing Blazer prior to the production of all of the documents in this case. It must now live with that decision.

III. Conclusion

For the reasons stated above, Plaintiff's motion to conduct a second deposition of Dennis Blazer is DENIED.

IT IS SO ORDERED.

/s/ W. Smith

William E. Smith
Chief Judge
Date:   January 8, 2015

---

[6] The other case cited by Global provides no assistance to its argument either. In Dixon v. CertainTeed Corp., 164 F.R.D. 685, 690 (D. Kan. 1996), the district court determined that inadequate Rule 26 initial disclosures warranted permitting a repeat deposition. Global has not called into question GTECH's Rule 26 disclosures.